CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
For Roanoke
OCT 29 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GREGORY LEON HAMMER,** | Civil Action No. 7:10-cv-00479 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| **GENE JOHNSON, et al.,** | By: Hon. Jackson L. Kiser |
| Defendants. | Senior United States District Judge |

This matter is before me upon plaintiff's motion for a Temporary Restraining Order ("TRO") and preliminary injunction. Plaintiff did not file a complaint but requests to proceed in forma pauperis. Plaintiff names as defendants Gene Johnson, Director of the Virginia Department of Corrections ("VDOC"), and the VDOC Central Classification Services ("CSS").

Plaintiff requests immediate equitable relief for alleged violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), actionable via 42 U.S.C. § 1983 and 28 U.S.C. § 1343, because he "is being dened the Common Fare religious diet [("Diet")] in violation of his free exercise of religion." (Br. 1.) Plaintiff alleges that he has sought VDOC approval to receive the Diet for the past year, but the CSS has ignored his submitted paperwork. Thus, plaintiff believes he suffers irreparable harm because "he cannot pray because he has been made unclean by the food he is being forced to eat." (Br. 4.) Plaintiff sues the CSS because it has the authority to rule on Diet applications and Gene Johnson because he is ultimately responsible for approving Diet applications.

The purpose of a TRO is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied

only in the limited circumstances which clearly demand it."). Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a Temporary Restraining Order without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" In addition, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required. (Id.) Moreover, the movant must establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Defense Council, Inc., 129 S. Ct. 365, 374-76 (2008).

The status quo is preserved by not granting plaintiff's request to receive the Diet, and plaintiff failed to certify his efforts to give notice of his TRO request to the defendants. Notably, plaintiff does not establish that he is likely to succeed on the merits or the balance of equities is in his favor because he did not file a complaint; plaintiff attempts to bypass due process and obtain his ultimate remedy via an ex-parte TRO. Furthermore, plaintiff fails to establish that either of these defendants are liable under § 1983. The public interest is not served by having it pay for a premature, and perhaps unnecessary, Diet. Accordingly, I deny plaintiff's request for injunctive relief. Because no complaint accompanies plaintiff's request, this action is stricken from the active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 2?th day of October, 2010.

Jackson L. Kiser
Senior United States District Judge

2